# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY HERRMAN, P.C. A/K/A HERRMAN & ASSOCIATES,<br><br>Defendant. | Case No.: 17-CV-431 W (BGS)<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES [DOC. 17].** |

Pending before the Court is Plaintiff's motion to strike Defendant's affirmative defenses under Federal Rule of Civil Procedure 12(f). (*Mot.* [Doc. 17].) Defendant opposes. (*Opp'n* [Doc. 18].) The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's motion [Doc. 17].

//
//
//

# I. BACKGROUND

On March 2, 2017, Plaintiff Philadelphia Indemnity Insurance Company (the "Surety") initiated this action for negligent misrepresentation against Defendant Gregory Herrman, P.C. a/k/a Herrman & Associates ("Herrman"), a certified public accountant. (*Compl.* [Doc. 1].) The Surety alleges Herrman failed to meet the standard of care in reviewing NEI Contracting and Engineering, Inc.'s ("NEI") financial statements (the "Reviews"), which caused the Surety to issue bonds it would not otherwise have issued. (*Id.*, ¶ 21.) Herrman's Amended Answer raises nine affirmative defenses and reserves the right to amend and supplement the answer as discovery progresses. (*See Am. Answer* [Doc. 12].)

Plaintiff now seeks to strike all nine of the affirmative defenses on the basis that the defenses "are not legally recognized in the case of a negligent misrepresentation claim," "facially invalid in light of the pleadings," or "insufficiently pled so as to provide the Surety 'fair notice' of the defenses." (*P&A* [Doc 17-1], 2:2–3:5.)

# II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). At the same time, 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979); see also Fed. R. Civ. P. 15(a)(2).

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. Sec. People, Inc. v. Classic Woodworking, LLC, 2005 WL 645592, at *2 (N.D. Cal. 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." Wyshack, 607 F.2d at 827 (citing Conley v. Gibson, 355 U.S. 41 (1957)) (emphasis added); Simmons v. Navajo, 609 F.3d 1011, 1023 (9th Cir. 2010); Schutte & Koerting, Inc. v. Swett & Crawford, 298 Fed. Appx. 613, 615 (9th Cir. 2008). Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. See Conley, 355 U.S. at 47. It does not, however, require a detailed statement of facts. Id. at 47–48. On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit "under any set of facts the defendant might allege." McArdle v. AT&T Mobility, LLC, 657 F. Supp. 1140, 1149–50 (N.D. Cal. 2009).

### III. DISCUSSION

#### A. First Affirmative Defense

Herrman's first affirmative defense alleges that "insofar as [the Surety] bases its negligent misrepresentation claims upon a statement of opinion by Herrman, there is no actionable alleged false representation or misrepresentation of existing fact." (*Am. Answer* 5:11–14.) The Surety argues this affirmative defense is facially invalid in light of the pleadings under Bily, which clarified that an independent accountant's professional opinion is actionable under a negligent misrepresentation cause of action. (*P&A* 8:3–6.) The Court is not persuaded.

In Bily v. Aruthur Young & Co., 3 Cal.4th 370 (1992), the California Supreme Court stated that "[u]nder certain circumstances, expressions of professional opinions are treated as representations of fact." Id. at 408. As the moving party, the Surety bears the burden of demonstrating that this case fits within the "certain circumstances" limitation described in Bily. The Surety has not done so and thus has not established that the first

affirmative defense is conclusively negated. The Court **DENIES** the Surety's motion to strike the first affirmative defense.

### B. Second and Third Affirmative Defenses

Herrman's second and third affirmative defenses assert the Surety's negligent misrepresentation claim is barred because Herrman provided the Reviews for the benefit of NEI, and it had no specific intent for the Surety to rely upon the Reviews. (*Am. Answer* 5:16–26.) The Surety argues that because Herrman admits it knew NEI would provide the reviewed financial statements to third parties, the second and third affirmative defenses are conclusively negated. (*P&A* 8:9–12.) The Surety's argument lacks merit.

In Bily, 3 Cal.4th 370, the California Supreme Court adopted the Restatement Second of Torts' "limited class" approach in evaluating the scope of an auditor's duty. Under this approach, an auditor is liable for negligent misrepresentation where his report was "made with the intent to induce plaintiff, or a particular class of persons to which plaintiff belongs, to act in reliance upon the representation in a specific transaction, or a specific type of transaction, that defendant intended to influence." Id. at 414.

In the Amended Answer, Herrman admits it "knew that NEI may provide reviewed financial statements to third parties for various purposes and transactions." (*Am Answer* ¶ 28.) Under Bily, this admission is insufficient to establish liability because there is no indication Herrman knew NEI belonged to the particular class of third parties "to whom or for whom the representations in the audit report were made." Bily, 3 Cal.4th at 414. Nor does Hermann admit that it was aware of the specific transaction involving NEI or that it intended the Surety to rely on the report. Accordingly, the second and third affirmative defenses are not conclusively negated by Herrman's admission in the Amended Answer.

In its reply, the Surety raises the alternative argument that standing is not an affirmative defense because it is an element of the case-in-chief, and using it as an

affirmative defense is redundant. (*Reply* [Doc 20], 8:3–5.) The Court will not consider new arguments raised for the first time in the reply

For these reasons, the Court **DENIES** the Surety's motion to strike the second and third affirmative defense.

### C. <u>**Fourth and Fifth Affirmative Defense**</u>

Herrman's fourth and fifth affirmative defenses allege that the Surety's claims are barred in whole or in part by the doctrines of contributory negligence and comparative or proportionate responsibility. (*Am. Answer* 6:2–17.) The Surety argues that contributory negligence and comparative negligence are not defenses to a negligent misrepresentation claim. (*P&A* 8:21–24.) In its Reply, however, the Surety acknowledges that under <u>Van Meter v. Bent Const. Co.</u>, 46 Cal.2d 588, 595 (1956), comparative negligence may be a defense when a plaintiff's conduct is "preposterous or irrational." (*Reply* 4:24–27.) Thus, the Surety has failed to establish that the fourth and fifth affirmative defenses are not valid defenses.[1]

In its reply, the Surety again attempts to raise a new argument: that Herrman's Amended Answer fails to state facts indicating the Surety's conduct was "preposterous or irrational." (*Reply* 4:28–5:2.) Because the argument was not included in its moving papers, the Court declines to decide the issue.

For these reasons, the Court **DENIES** the Surety's motion to strike the fourth and fifth affirmative defenses.

//
//

---

[1] The Surety also suggests the "continued vitality of *Van Meter* after the more recent decision in *Garcia* is questionable." In support of this assertion, the Surety cites the following language from <u>Garcia v. Superior Court</u>, 50 Cal.3d 728 (1990): "comparative negligence is not a defense to the tort of negligent misrepresentation under California law." The problem is this language is found in Justice Mosk's dissent. As such, the Court is not persuaded that the language was meant to overrule <u>Van Meter</u>.

### D. Seventh Affirmative Defense

Herrman's seventh affirmative defense asserts the Surety's "claims are barred, in whole or in part, by the Statute of Limitation found in Code of Civil Procedure § 339." (*Am. Answer* 7:9–10.) The Surety argues that Herrman has not provided a date by which the 2-year statute of limitations could have run and the defense is therefore facially invalid. (*P&A* 2:19–21.)

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak, 607 F.2d at 827. In Wyshak, the Ninth Circuit found that plaintiffs had sufficient notice of defendant's statute of limitations affirmative defense because defendant identified the specific California statute upon which the defense was based. Id.

Here, Herrman's Amended Answer specifies the applicable statute of limitations, which is sufficient under Wyshak to give the Surety fair notice of the defense. The Court, therefore, **DENIES** the Surety's motion to strike the seventh affirmative defense.

### E. Sixth and Ninth Affirmative Defenses

The Surety contends that Herrman's sixth affirmative defense (failure to mitigate damages) and ninth affirmative defense (damages caused by other parties) fail to provide fair notice of which damages the Surety did not mitigate, or which other parties caused which particular damages of the Surety. (*P&A* 8:26–9:2.)

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." Wyshack, 607 F.2d at 827 (citing Conley v. Gibson, 355 U.S. 41 (1957)) (emphasis added); Simmons v. Navajo, 609 F.3d 1011, 1023 (9th Cir. 2010); Schutte & Koerting, Inc. v. Swett & Crawford, 298 Fed. Appx. 613, 615 (9th Cir. 2008). Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. See Conley, 355 U.S. at 47. It does not require a detailed statement of facts. Id. at 47–48.

Herrman's sixth affirmative defenses provides:

> Plaintiff's claims are barred, in whole or in part, by failure to mitigate damages, in that, without limitation Plaintiff issued bonds and continued to issue bonds on behalf of NEI with knowledge of NEI's poor and/or deteriorating financial condition, and upon information and belief, Plaintiff may have paid out on bond claims on NEI jobs without proper assessment of such claims.

(*Am. Answer* 7:3–7.) The ninth affirmative defense provides:

> Plaintiff's alleged damages, if any, were caused in whole or in part by other parties over whom Herrman had no control and for whom Herrman had no responsibility, in that Plaintiff received, accepted and relied upon information and explanations from parties other than Herrman in deciding to underwrite and issue bonds on behalf of NEI, including without limitation, NEI, the bonding agent and their representatives.

(*Id.* 7:17–22.) The Court finds at this stage in the litigation, these explanations provide sufficient notice of the basis for the affirmative defenses. To the extent the Surety wants a more detailed explanation, it may conduct discovery on these affirmative defenses. Consequently, the Court **DENIES** the Surety's motion to strike the sixth and ninth affirmative defenses.

### F. **Eighth Affirmative Defense – Disclaimers and Limitations**

Herrman's eighth affirmative defense argues, "[the Surety]'s claims are barred, in whole or in part, by disclaimer, in that [the Surety] ignored and/or misconstrued clear limitations, disclaimers and admitted "red flags" regarding NEI, its financial information and the review of NEI's financial information in the Review." (*Am. Answer* 7:11–15.) The Surety argues the "red flags" portion of the defense should be struck because California case law does not support such a defense to a negligent misrepresentation claim. (*P&A* 5:10–12.)

The Surety's labeling of the defense as the "Red flags" defense is somewhat misleading because the language appears to primarily focus on the disclaimers and limitations identified in the Reviews. Regardless, there are California cases which point

to the existence of red flags as a defense. See, e.g., *Buttonwood Tree Value Partners, LP v. Sweeney*, 910 F.Supp.2d 1199, 1206 at fn. 2 (C.D. Cal. 2012) [discussing apparent red flags]; see also Batwin v. Occam Networks, Inc., 2008 WL 2676364, * 17 (C.D. Cal. 2008) [defining red flags]; Easton v. Strassburger, 152 Cal.App.3d 90, 96 (1984) [considering red flags in case where negligent misrepresentation was alleged]; Padgett v. Phariss, 54 Cal.App.4th 1270, 1282 (1997) [noting lack of red flags in negligent misrepresentation case]. Because there is some authority support the red-flags defense, the Court **DENIES** the Surety's motion to strike the eighth affirmative defense.

### G. Reserving the Right to Amend and Supplement

In the Amended Answer, Herrman also reserves the right to amend and supplement its answer as discovery progresses. (*Am. Answer* 7:23–25.) The Surety argues this is inappropriate under the Federal Rules. (*P&A* 3:14–15.) The Court agrees. The "'reservation of affirmative defenses' is not an affirmative defense." E.E.O.C. v. Timeless Investments, Inc., 734 F.Supp. 2d 1035, 1055 (E.D. Cal. 2010). Herrman may assert additional affirmative defenses later by amending its pleadings in compliance with Rule 15. See Fed. R. Civ. P. 15; U.S. v. Global Mortg. Funding, Inc., 2008 WL 5264986 at *5 (C.D. Cal. 2008) ("[I]f a Defendant seeks to add affirmative defenses, it must comply with the procedure set out in Federal Rule of Civil Procedure 15.*");* Timeless Investments, Inc., 734 F.Supp. 2d at 1055 ("Rule 15 does not require a defendant to "expressly reserve" unnamed affirmative defenses in its answer."). In short, Herrman "is either entitled to raise additional defenses at a later time or he is not; his right to reserve his rights to do so is a legal nullity." Global Mortg. Funding, Inc., 2008 WL 5264986 at *5. Accordingly, the Court **STRIKES WITHOUT LEAVE TO AMEND** Herrman's reservation of right to assert additional defenses.

//
//
//

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Surety's motion [Doc. 17] **WITHOUT LEAVE TO AMEND** with respect to Herrman's "Additional Affirmative Defenses", and **DENIES** the motion as to the remaining affirmative defenses.

**IT IS SO ORDERED.**

Dated: November 15, 2017

_____
Hon. Thomas J. Whelan
United States District Judge